Filed 9/19/25  Marriage of Gamboa CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of ELIZABETH C. and EMANUEL P. GAMBOA. | D085149 |
| ELIZABETH C. GAMBOA, | |
| Respondent, | (Super. Ct. No. 20FL008734S) |
| v. | |
| EMANUEL P. GAMBOA, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Leonard N. Trinh, Judge.  Reversed and remanded with instructions.

Higgs Fletcher & Mack, John Morris, and Steven M. Brunolli for Appellant.

Elizabeth C. Gamboa, in pro. per., for Respondent.

Emanuel P. Gamboa appeals from a marriage dissolution judgment in which the family court found it lacked jurisdiction to divide his ex-wife Elizabeth C. Gamboa's military pension under the Federal Uniformed Services Former Spouses' Protection Act (FUSFSPA).  (10 U.S.C. § 1408.)

Emanuel argues that the court erred because Elizabeth "consent[ed] to the jurisdiction of the Court." (*Id*., subd. (c)(4)(C).)[1]

Based on our decision in *In re Marriage of Sullivan* (2023) 89 Cal.App.5th 585 (*Sullivan*), we conclude that the family court erred in ruling that it did not have jurisdiction to divide Elizabeth's retirement under *In re Marriage of Tucker* (1991) 226 Cal.App.3d 1249 (*Tucker*). We further conclude that Elizabeth did consent to the jurisdiction of the court within the meaning of the FUSFSPA by voluntarily filing her dissolution petition in California and seeking a judicial confirmation of her separate property, including her "military retirement." Accordingly, we reverse the judgment and remand the matter with directions to conduct further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *Petition for Dissolution of Marriage*

Elizabeth and Emanuel were married in June 2003 and have four children. They separated in June 2020, and in October 2020, Elizabeth filed a petition for dissolution of marriage in San Diego County Superior Court. In section 9b of the petition, she asked the court to "[c]onfirm as separate property the assets and debts" listed in her separate property declaration (form FL-160). Item number 12 in Elizabeth's separate property declaration listed "Petitioner's Military Retirement" under the category of "Retirement and Pensions," and noted "Post" under "Date Acquired."

---

1    Because Elizabeth filed no brief, we determine the appeal based on the record provided and Emanuel's opening brief. (Cal. Rules of Court, rule 8.220(a)(2).)

2

In section 10b of Elizabeth's petition, she also asked the court to "[d]etermine rights to community and quasi-community assets and debts" listed in her community and quasi-community property declaration. Item number 12 in that declaration had "none" listed under the category of "Retirement and Pensions."

Emanuel filed a response, indicating in sections 9b and 10b of his form that he also sought for the court to confirm separate property and determine the parties' rights to community and quasi-community assets and debts. In a property declaration that he apparently mis-designated as "community and quasi-community" instead of "separate property," Emanuel wrote that "100%" of any "US Navy" retirement or pension acquired "after separation" should be awarded to Elizabeth. In a second property declaration where he wrote "N/A" next to the checkbox for "community and quasi-community," Emanuel listed assets and debts acquired during marriage. Under the category for "Retirement and Pensions," he wrote "wife's U.S. Navy Retire[ment]" and indicated that any portion acquired "during marriage" should be divided equally between him and Elizabeth.

In June 2021, Elizabeth filed an amended petition for dissolution and purportedly attached amended property declaration forms.[2] She also added under section 11 for "Other Requests" that she was asserting "her rights under [*Tucker*]"[3] and objecting to the court exercising jurisdiction over her military retirement benefits because she is a "domiciliary of Illinois."[4]

Emanuel submitted additional property declarations in January 2022. This time he clearly designated his separate property declaration. Under "Retirement and Pensions" in that declaration, he listed "Petitioner" and indicated "Post" under date acquired. He again proposed that Elizabeth receive "100%" of that portion of her retirement benefits. In his community and quasi-community property declaration, he listed some real estate assets and a vehicle but left all other categories—including "Retirements and Pensions"—blank.

Between 2022 and 2024, Elizabeth and Emanuel apparently reconciled to the extent that they were able to purchase a home and a motorcycle together in 2023. They also vacationed together and lived in their marital home during that time. They separated again, however, in July 2024, and Elizabeth requested that the court set their dissolution proceeding for trial. In support of her request, Elizabeth attached a declaration stating that her

---

[2]    These amended property declarations were not included in the record on appeal.

[3]    In *Tucker*, the court ruled that a respondent service member "may both agree California has jurisdiction over nonpension issues and at the same time argue California has no power to divide his or her military pension." (*Tucker, supra*, 226 Cal.App.3d at p. 1256.)

[4]    Because Emanuel does not argue that the family court had jurisdiction over Elizabeth's military pension by virtue of her place of residence or domicile, whether she was a resident of Illinois is not relevant to our decision.

4

"home of record is Illinois" and that she was "submitting the *Tucker* objection because [she is] active duty and currently do[es] not have a set retirement date." In his response, Emanuel asked the court to overrule Elizabeth's *Tucker* objection.

### B. Family Court's FUSFSPA Ruling

After holding a hearing on Elizabeth's petition in September 2024, the family court ruled, among other things, that it "does not have jurisdiction or [Elizabeth's] consent to divide the retirement pursuant to [*Tucker*] as [Elizabeth's] domicile is [in] Illinois." The court filed a dissolution judgment reflecting that finding in October 2024.

## DISCUSSION

Emanuel argues that Elizabeth consented to the family court's jurisdiction over her military retirement benefits under FUSFSPA. He also contends that Elizabeth's attempt to make a belated *Tucker* objection did not negate her prior consent to jurisdiction. We agree.

We apply de novo review to this jurisdictional issue because there are no material factual issues in dispute. (*Robbins v. Foothill Nissan* (1994) 22 Cal.App.4th 1769, 1774.)

As Emanuel observes in his opening brief, the facts in this case are similar to those in *Sullivan, supra,* 89 Cal.App.5th 585. We explained in *Sullivan* that under FUSFSPA, a state court may not exercise the power to divide a military pension " 'unless the court has jurisdiction over the [service] member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.' " (*Id.* at p. 595, quoting 10 U.S.C. § 1408(c)(4).) Congress enacted this jurisdictional provision "in response to concerns about 'forum-shopping'

5

spouses who might seek to divide the pension in a state with more favorable laws, but with little contact with the pensioner." (*In re Marriage of Hattis* (1987) 196 Cal.App.3d 1162, 1167.)

Here, the family court ruled that it lacked jurisdiction over Elizabeth's military pension in part because she did not give consent to the court's division of her military pension. But as we observed in *Sullivan*, "[c]onsent to a court's jurisdiction may also be *implied* by conduct[,]" including in cases involving FUSFPA. (*Nobel Farms, Inc. v. Pasero* (2003) 106 Cal.App.4th 654, 658 (*Nobel Farms*), italics added; see *Sullivan, supra*, 89 Cal.App.5th at p. 596.) While recognizing that courts in other jurisdictions are divided on the issue, we found more persuasive the majority view that a service member need not give specific or explicit consent to the court's jurisdiction to divide her military pension. (*Sullivan*, at p. 597.)

Based on our interpretation of the statute, we conclude that Elizabeth consented to the court's jurisdiction to divide her military pension. As was the case in *Sullivan*, it was Elizabeth who chose to file her petition for dissolution of marriage in a California court. (*Sullivan, supra*, 89 Cal.App.5th at p. 599.) By doing so, she voluntarily submitted herself to the court's jurisdiction and consented to its personal jurisdiction over her in any matter related to the dissolution proceeding. (*Ibid.*, citing *Sea Foods Co., Ltd. v. O.M. Foods Co., Ltd.* (2007) 150 Cal.App.4th 769, 786; *Nobel Farms, supra*, 106 Cal.App.4th at pp. 658–659.) The division of Elizabeth's military retirement benefits was directly related to her request for confirmation of her separate property and division of the community property. (See *In re Marriage of Wilson* (1974) 10 Cal.3d 851, 854 (*Wilson*) ["Pension rights which result from employment both before and after marriage derive from both

6

separate and community property" and "must be apportioned upon division of the assets"].)

In her dissolution petition, Elizabeth asked the court to "[c]onfirm as separate property the assets and debts" listed in her separate property declaration, which expressly included her "Military Retirement" acquired post-marriage under the category of "Retirement and Pensions." She also asked the court to determine her rights to certain community property assets acquired during the marriage. Although her community and quasi-community property declaration did not list her retirement benefits, the portion of Elizabeth's military retirement attributable to her Navy employment during the marriage is community property. (*Wilson, supra*, 10 Cal.3d at p. 854.) By asking the court to confirm as her separate property the portion of her retirement property acquired after marriage, and to determine her rights to other community property acquired during the marriage, Elizabeth consented to the court's exercise of jurisdiction over her military retirement benefits. (See *Sullivan, supra*, 89 Cal.App.5th at pp. 599–600; see also *In re Marriage of Jacobson* (1984) 161 Cal.App.3d 465, 470 (*Jacobson*) [by electing to respond to wife's petition and foregoing his motion to dismiss on forum non conveniens ground, husband made a general appearance and thereby consented to the jurisdiction of the court and the application of the substantive law of California under FUSFSPA].)

The *Tucker* decision is consistent with our holding. As we noted in *Sullivan*, the service member in *Tucker* was the respondent, not the petitioner who filed for dissolution and chose the forum, as Elizabeth is here. (*Sullivan, supra*, 89 Cal.App.5th at p. 600.) The service member in *Tucker* did not voluntarily submit himself to the court's jurisdiction; he never expressly or impliedly consented to allow the court to divide his military

7

pension; and his counsel explicitly objected to the court's jurisdiction over his military pension at every stage of the proceedings, starting with his initial conversation with the petitioner's counsel. (*Ibid*., citing *Tucker, supra*, 226 Cal.App.3d at pp. 1252–1253, 1258.)  This case is therefore distinguishable from *Tucker* for the same reasons we concluded it was not on point in *Sullivan*.

In sum, we conclude that the family court had jurisdiction over Elizabeth and her military retirement benefits "by reason of . . . [her] consent to the jurisdiction of the court[,]" and that the court erred by finding that it lacked jurisdiction to divide Elizabeth's military pension.  (10 U.S.C. § 1408(c)(4).)  We also agree with Emanuel that Elizabeth did not withdraw her consent by raising an objection to jurisdiction after initially consenting. " 'Once a party has generally consented to a court's jurisdiction, it may not be attacked later.' " (*Jacobson, supra*, 161 Cal.App.3d at p. 470, quoting *In re Marriage of Sarles* (1983) 143 Cal.App.3d 24, 29; accord *Sullivan, supra*, 89 Cal.App.5th at p. 601.)[5]

---

[5]     Elizabeth did not file a respondent's brief but did appear at oral argument.  At oral argument, she asserted she was not served with the opening brief.  However, the proof of service for the opening brief indicates it was served on Elizabeth via TrueFiling at the e-mail address the court has on record for her.  Elizabeth confirmed at oral argument that she received the calendar notice at that same e-mail address and that her e-mail address has not changed.  Accordingly, we conclude she was electronically served with the opening brief.  (Cal. Rules of Court, rules 8.70–8.79.)

DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to exercise jurisdiction over Elizabeth's military pension and conduct further proceedings consistent with this opinion. Emanuel is entitled to recover his costs on appeal.

BUCHANAN, J.

WE CONCUR:


DO, Acting P. J.


KELETY, J.